# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GRACE ALBANESE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>　　　　　　Defendant. | Case No. 2:17-cv-01808-APG-GWF<br><br>**REPORT AND**<br>**RECOMMENDATION** |

　　　　This matter is before the Court on Plaintiff's Application to Proceed *in Forma Pauperis* (ECF No. 1), filed on June 30, 2017.

**I.　　IN FORMA PAUPERIS APPLICATION**

　　　　Plaintiff is proceeding in this action *pro se*, which means that she is not represented by an attorney. *See* LSR 2-1. She has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* ("IFP"), meaning without prepaying the filing fees, and submitted a proposed complaint. Pursuant to 28 U.S.C. § 1914(a) and the Judicial Conference Schedule of Fees, a filing fee and administrative fee totaling $400 is required to commence a civil action in a federal district court. The court may authorize a person to commence an action without the prepayment of fees and costs if the person files an IFP application including an affidavit stating that he or she is unable to pay the initial fees. *See* 28 U.S.C. § 1915(a)(1); LSR 1-1. However, the court must apply "even-handed care" to ensure that "federal funds are not squandered to underwrite, at public expense, either frivolous claims" or the colorable claims of a plaintiff "who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984) (collecting cases). A "district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit."

*Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)). A complaint that "merely repeats pending or previously litigated claims" is frivolous. *See, e.g., Cato v. United States,* 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation omitted); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992); *Martinez v. Bureau of Immigration & Customs Enf't*, 316 F. App'x 640, 641 (9th Cir. 2009).

Since March 2016, Ms. Albanese has filed 45 federal cases in the District of Nevada, 10 of which are pending before the undersigned magistrate judge.[1] In all, she has sued the Las Vegas Metropolitan Police Department ("LVMPD") 30 times in just over a year. Most of Ms. Albanese's actions assert the same or very similar allegations: various persons stalk or spy on Ms. Albanese in her bedroom and when she travels around Las Vegas, sometimes using listening devices or hacking into her phone, but federal and state law enforcement officers ignore her requests for help and refuse to investigate or arrest the wrongdoers. She asserts similar legal claims in all her cases pursuant to

---

[1] See *Albanese v. Fed. Bureau of Investigations*, 2:16–cv–00529–KJD–NJK; *Albanese v. Transp. Security Admin.*, 2:16–cv–00530–GMN–CWH; *Albanese v. Homeland Security*, 2:16–cv–00531–RFB–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:16–cv–00532–RFB–GWF; *Albanese v. Regional Transp. Comm'n of So. Nev.*, 2:16–cv–01882–APG–PAL; *Albanese v. Las Vegas Metro Police Dep't*, 2:17–cv–00577–GMN–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01087–GMN–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01284–MMD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01285–JCM–VCF, appeal docketed, No. 17–16127 (9th Cir. May 31, 2017); *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01286–JAD–PAL; *Albanese v. Dep't of Homeland Security*, 2:17–cv–01287–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01520–JAD–CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01544–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01573–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01574–RFB–PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01599–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01600–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17-cv-01613-APG-PAL; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01614–JAD–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01633–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01634–RFB–CWH; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01635–JAD–CWH; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01640–MMD–VCF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01641–JAD–GWF; *Albanese v. Homeland Security*, 2:17–cv–01642–RFB–GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01662–JAD–NJK; *Albanese v. Homeland Security*, 2:17–cv–01663–JCM–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01664–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01735–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01780–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01782–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01795–JAD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01807–JCM–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01808–APG–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01832–KJD–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01852–JCM–GWF; *Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01871–JAD–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01872–RFB–VCF; *Albanese v. Homeland Security*, 2:17–cv–01874–RFB–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01896–JCM–VCF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01903–MMD–GWF; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01904–JCM–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01972–JAD–NJK; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01973–RFB–PAL; *Albanese v. Las Vegas Metro. Police Dep't*, 2:17–cv–01974–JAD–PAL.

42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction of justice, defamation, public corruption, and conspiracy.

Upon the recommendation made by Magistrate Judge Ferenbach, District Judge Dorsey has declared Ms. Albanese a vexatious litigant. *See Albanese v. Fed. Bureau of Investigations*, 2:17–cv–01599–JAD–VCF,* July 27, 2017 Order (ECF No. 7). Therefore, Ms. Albanese is no longer allowed to file a new complaint, petition, or other action in this court without first obtaining leave from the Chief Judge of this court. *See id.*

Having reviewed her complaint in this case, the Court finds that her claims are frivolous and duplicative and will recommend denial of her IFP application and dismissal of the complaint.

## II.   SCREENING THE COMPLAINT

### A.   Legal Standard

Pursuant to § 1915(e), federal courts must screen all IFP complaints prior to a responsive pleading. *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (§ 1915(e) applies to "all in forma pauperis complaints"). Allegations in a pro se complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, pro se litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Federal courts are required to dismiss an IFP action if the complaint fails to state a claim upon which relief may be granted, is legally "frivolous or malicious," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint may be characterized as malicious "when it is 'filed with the intention or desire to harm another'." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (quoting *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005)). Allegations are frivolous when they are "clearly baseless" or lack an arguable basis in law and fact. *Denton*, 504 U.S. at 32; *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolous claims include those based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest that clearly does

not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke*, 490 U.S. at 327–28; *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991); *Andrews*, 398 F.3d at 1121. In determining whether a complaint is frivolous and therefore warrants complete or partial dismissal, a court is not bound "to accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 32. A complaint may be dismissed as frivolous if it "merely repeats pending or previously litigated claims." *Cato*, 70 F.3d at 1105 n.2 (citation omitted); *see also Aziz v. Burrows*, 976 F.2d 1158, 1158 (8th Cir. 1992) ("district courts may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party"); *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant."), overruled in part on other grounds by *Taylor v. Sturgell*, 553 U.S. 880 (2008); *McWilliams v. State of Colorado*, 121 F.3d 573, 574 (11th Cir. 1997) (holding that repetitious action may be dismissed as frivolous or malicious).

      **B.**    **Ms. Albanese's Duplicative Factual Allegations and Claims for Relief**

The Court finds that the complaint in this case is frivolous because it merely repeats claims pending in other cases. Here, Albanese is suing LVMPD under 42 U.S.C. § 1983 for, among other things, violating her civil rights by denying her equal protection right, obstructing justice and engaging in a conspiracy because the police knew she was being stalked but would not take action:

> June 30 I was stalked by the same male who stalks me everyday, two times. Once in the morning and once or twice in the evening. At 10:07 am he is at Swensen/Desert Inn being escorted off LVCC platinum parking lot. Then he stalks me from 815 E. Desert Inn (7-11). Only after I called 911 did the LVCC escort him out. The police are driving past him 10:17 am only to protect him from me. Not arrest him for stalking. The police say I'm harassing him. Tonite [*sic*] he will stalk me again. No police are even patrolling when he is stalking me. Conspiracy by the Las Vegas Police to obstruct justice, deny me equal protection is taking place.

Complaint (ECF No. 1-1)

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-00577-GMN-PAL, she alleged that LVMPD and its employees violated her equal protection and due process rights and

obstructed justice by failing to respond to her call for help and refusing to take her voluntary statement that a neighbor was stalking her. *Id.*, Amended Complaint (ECF No. 15). Albanese alleged she called LVMPD to report that her neighbor was stalking her. A police sergeant told Ms. Albanese she was not stalked and he would not respond or allow other LVMPD officers to respond. She further alleged that an LVMPD employee refused to allow Ms. Albanese to document a crime of stalking by making a voluntary statement. The court expressly found that these allegations failed to state actionable claims. *Id.*, June 30, 2017 Report and Recommendation (ECF No. 68).

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01574-RFB-PAL, she alleges that LVMPD violated her equal protection right and obstructed justice because an operator refused to dispatch an officer to investigate individuals who were stalking and spying on her:

> [W]hen she asked me why I was whispering and I told her because my neighbors are spying/observing me. ... Operators Collins 14128 was obstructing justice because she did not understand that I have to whisper when I call 311 and report laundry room vagrants. So she refused to allow officers to investigator until they talked to me about my mental state.

*Id.*, Complaint (ECF No. 1-1).

In *Albanese v. Las Vegas Metropolitan Police Department*, 2:17-cv-01904-JCM-PAL, she alleges violations of her equal protection and due process rights, public corruption, obstruction of justice, and a police conspiracy because the police are allowing a man to stalk her:

> So I'd like to sue the LVMPD for not stopping stalking from taking place when they know it's happening to me. ... That repeat stalker knows I'm going to call the cops so he keeps stalking me. The police allow him to stalk me. The police defend criminal behavior and say they are going to talk to people harassing me and so they forget and leave in their vehicles. So I keep returning to the Federal Building. So it's like a vicious circle. I keep being stalked (with police foreknowledge). I call the cops. The police keep defending Apts. 3 and 9 who harass me. I keep suing.

*Id.*, Complaint (ECF No. 1-1).

Here, the Court finds that Albanese's complaint is frivolous because it merely repeats pending or previously litigated claims. These actions follow a distinct pattern, which Albanese herself acknowledges. *Id.* Ms. Albanese believes that various individuals stalk or spy on her while in her home or when she travels around Las Vegas. She then calls federal and local law

enforcement officers for help and they allegedly refuse to investigate or arrest her stalkers. She asserts similar legal claims in most of her cases pursuant to 42 U.S.C. § 1983: violations of her due process, equal protection, and free speech rights, obstruction of justice, defamation, public corruption, and conspiracy. Therefore, because this action is duplicative and frivolous the Court will recommend dismissal. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) be **denied**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's Complaint (ECF No. 1-1) be **dismissed**.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close this case and enter judgment accordingly.

DATED this 10th day of January, 2018.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).